### In re Christopher Lee Fletcher b/n/f Valerie Shepard

[486 A.2d 627]

No. 83-554

Present: Hill, Underwood, Peck and Gibson, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 2, 1984

*Charon A. True*, St. Albans, for Plaintiff-Appellant.

*Arthur A. Heald*, St. Albans, for Defendant-Appellee.

**Underwood, J.** Christopher Lee Fletcher, age four and the only child of divorced parents, Charles and Valerie Fletcher, made application to the Franklin District Probate Court, through his natural mother (Valerie Fletcher, now Valerie Shepard), to change his surname from Fletcher to Shepard. The natural father received notice of the hearing, chose not to appear, but was represented by counsel who objected to the name change. The probate court heard the evidence, which was not recorded or transcribed, made findings of fact and conclusions of law and denied the application. The court found, that while it would be in the best interests of the child to grant the application, it was unable to find, as a matter of law, that the natural father had abandoned the child. The court was under the impression that where a noncustodial parent objected to a name change for a minor child, a petitioner, in order to prevail, must demonstrate that the noncustodial parent has abandoned the child.

On appeal, the mother asserts that the probate court erred in ruling that she failed to establish that the father had abandoned his child. The father did not cross-appeal on the merits, but renewed a prior objection that the appellant had failed to set forth certified questions of law for consideration by the Supreme Court, as required by V.R.A.P. 13(c).*

---

* This objection was rejected by this Court when raised in a motion to dismiss the present appeal, and we need not address it a second time. *In re Fletcher*, 144 Vt. 419, 479 A.2d 134 (1984) (motion denied).

The controlling statute for this appeal is 15 V.S.A. § 812, which provides as follows:

> A minor may change his name by some person who, under chapter 111 of Title 14, may act for him, making, signing, sealing and acknowledging before the judge of the probate court of the district in which such minor resides, an instrument in substantially the form provided in the preceding section. Such instrument shall be signed by the person so acting for such minor. However, the name of the minor, if over fourteen years of age, shall not be changed without his consent given in court.

It would be readily apparent even from a cursory examination of our name change statutes, 15 V.S.A. §§ 811–816, that notice of the application to, or consent of, the non-custodial parent is not required. Furthermore, they impose no duty upon the applicant to prove abandonment of the child by the noncustodial parent in order to prevail. This alone requires that the probate court's order be vacated.

Title 15 V.S.A. § 812 does mandate, however, that where a minor child desires a name change, the application on behalf of the minor be brought by a legal guardian appointed by the probate court pursuant to chapter 111 of Title 14 of Vermont Statutes Annotated. Although the petition was filed by the child's mother, she was not a court-appointed guardian, authorized to file the application for this name change. Therefore, the petition was invalid on its face and the probate court erred in considering the merits of this petition.

Since the probate court's order must be struck and the matter remanded for a new hearing, we take this opportunity to comment on some apparent erroneous impressions of the probate court and counsel of the statutory prerequisites for a change of name of a minor under the age of fourteen, since the same questions quite probably will recur on rehearing. *State v. Carmody*, 140 Vt. 631, 637, 442 A.2d 1292, 1295 (1982); *Mislosky* v. *Wilhelm*, 130 Vt. 63, 70–71, 286 A.2d 267, 272 (1971).

As previously noted, a notice to the noncustodial parent (other than that in the petition for appointment of a legal guardian) is not required, but we believe it is the better prac-

tice. Prior consent of the noncustodial parent is also not required. 15 V.S.A. § 812. In fact a minor, age fourteen or older, must independently consent to a change of name.

Before granting or denying such minor's change of name application, the probate court should first determine what is in the best interests of the child, and then decide, on the basis of sound judicial discretion, whether the requested name change is warranted. This seems to be in accord with other jurisdictions having statutes similar to ours:

> In determining whether a change in a child's name should be permitted or ordered against the objection, or without the consent, of one of the parents, the courts have usually recognized that the welfare of the child should be the controlling consideration, and that the determination of the issues involved is ordinarily a matter for the trial court's discretion.

Annot., 92 A.L.R.3d 1091, 1095 (1979).

Whether or not a specific change of name statute is involved, when a minor's name change is contested, "it is the duty of the court, as in all matters before it involving minors, to examine what is in the infant's best interest before determining if the requested change is warranted." *Hardy* v. *Hardy,* 269 Md. 412, 415, 306 A.2d 244, 246 (1973) (citing *West* v. *Wright,* 263 Md. 297, 299, 283 A.2d 401, 402 (1971)).

*The order of the probate court is vacated and the matter remanded to the probate court for further proceedings consistent with this opinion.*