498 A.2d 441

**Christina GRASSMYER, Appellant,**

v.

**Michael COLEMAN.**

Superior Court of Pennsylvania.

Argued May 1, 1985.

Filed Sept. 6, 1985.

U. Horton Anniken, Lewistown, for appellant.

John R. Bonner, Williamsport, for appellee.

Before TAMILIA, MONTGOMERY and ROBERTS, JJ.

TAMILIA, Judge:

This appeal was taken from an Order by the lower court, affirming the Order of the hearing officer, which dismissed an action of support as having been brought more than two years after an acknowledgement of paternity and beyond the six year period for bringing such actions as provided in 42 Pa.C.S.A. § 6704(e). Section 6704(b), dealing with commencement of support actions or proceedings, states:

> (b) All actions or proceedings to establish the paternity of a child born out of wedlock brought under this section must be commenced within six (6) years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action or proceeding may be commenced at any time within two (2) years of any such contribution or acknowledgement by the reputed father.

The undisputed facts of this case are that Shannon Grassmyer was born to appellant, Christina Grassmyer, on August 1, 1975. On September 19th of that year, appellee allegedly executed a document acknowledging paternity and

agreeing to assume liability for support of the infant. The document was never incorporated into a Court Order for support, the parties were never married and there is no evidence that appellee has ever paid any support.

On July 27, 1983, just four days shy of the child's eighth birthday, appellant commenced an action for support. Following a hearing on May 1, 1984, a family court hearing officer found, that since the action was not filed within six (6) years of the child's birth, or within two (2) years of the alleged acknowledgement, and finding no evidence of any contribution or acknowledgement within the two (2) years preceding the hearing date, the complaint must be dismissed.

Exceptions were timely filed which alleged the acknowledgement operated as a waiver of the six year statute of limitations, therefore, estopping appellant from raising the statute of limitations because he acknowledged paternity. On August 28, 1984, the hearing judge overruled the exceptions, affirmed the hearing officer's order and dismissed the complaint. It is from that Order that this appeal was taken. Since our research indicates that this issue has not previously been addressed by this Court, we seek to clarify it here.

A brief review of the statutory history of this section and companion sections in the Criminal Code will serve to clarify the legislative intent and the proper reading of the statute.

42 Pa.C.S.A. § 6704 became operative upon implementation of the Judicial Code, effective June 27, 1978, upon repeal of its predecessor, the Pennsylvania Civil Procedural Support Law, 62 P.S. 2043.31. Neither the Support Law nor the Judicial Code initially provided for a statute of limitations as to the institution of a support action for a child born out of wedlock. There was no necessity for such a limitation of action as these provisions initially applied only to children born of a marriage and such a duty was binding throughout the child's minority as a duty of parenthood, including suspect births covered by the presumption of legitimacy applying to children born during coverture. When a child is born during coverture, while the parents

may not testify to nonaccess, they may rebut the strong presumption of legitimacy by proving nonaccess, impotency, or impossibility from blood testing. The strong public policy would not permit the father to deny paternity of his wife's child unless he moved immediately after the birth of the child or when he acquired knowledge and had reason to believe the child was not his, otherwise he would be estopped from such denial after acceptance of the child by fulfilling the parental role. *Commonwealth ex rel. Hall v. Hall*, 215 Pa.Super. 24, 257 A.2d 269 (1969); *Commonwealth ex rel. Gonzalez v. Andreas*, 245 Pa.Super. 307, 369 A.2d 416 (1976).

Procedures to enforce the duty to support a child born out of wedlock were distinct from the civil procedures, unless the parties agreed on the issue of paternity. Out of wedlock actions were incorporated in the Criminal Code and were subject to all the requirements of criminal procedures (18 P.S. § 4506, 18 P.S. § 4732, repealed).

As a criminal procedure, in common with all other criminal proceedings, there existed a statute of limitations. The act of 1939, P.L. 872 § 732; 18 P.S. 4732, repealed, provided:

> All prosecutions under this section must be brought within (2) years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case a prosecution may be brought within (2) years of such contribution or acknowledgement of the reputed father.

In *Commonwealth v. Dillworth*, 431 Pa. 479, 246 A.2d 859 (1968), our Supreme Court held that a paternity finding under civil support law was inappropriate as the amendment to the Civil Procedural Support Law, 62 P.S. §§ 2043.32, 2043.35, while including as a "duty of support", a child born out of wedlock, did not permit a construction that eliminated a requirement that paternity be uncontested or that paternity had already been established in a bastardy proceeding, which included a right to trial by jury pursuant to the Penal Code 18 P.S. § 4506 and § 4732.

Subsequently, the legislature, heeding the call for more even treatment of children born out of wedlock, eliminated the fornication and bastardy procedures from the Criminal Code in its 1973 revision, and in 1978, repealed § 4323 of the Code, making it a crime to fail to support a child born out of wedlock, if the action was filed within two years of birth, acknowledgement or voluntary contribution of support. This subject was covered in general by 18 Pa.C.S.A. § 4324, Willful failure to support, and 42 Pa.C.S.A. § 6704, and Pa.R.C.P. 1910.15. Rule 1910.15 supersedes all of section 6704 except subsections (e), Limitation of actions, (which is the issue presented here), (f) and (g), which provide for civil jury or nonjury trial in paternity cases.

When the Support Law was expanded in 1980 to include subsections (e), (f) and (g), providing for the paternity proceeding to be a civil action with a jury trial on demand, it fulfilled the objection voiced in *Dillworth, supra,* as to the lack of a jury trial provision under the prior law. It heeded the suggestions of Justice Samuel Roberts, to provide a civil proceeding which among other measures, could incorporate a jury trial provision. It would appear that the legislature also deemed it necessary to continue a limitation of actions provision, although enlarged, similar to those previously contained in the criminal law. This anticipated the decision of the United States Supreme Court in *Pickett v. Brown,* 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), which declared that a two year statute of limitations period does not provide illegitimate children with an adequate opportunity to obtain support and was a denial of equal protection. That decision did not decide what an appropriate period would be. Quoting from Justice Sandra O'Connor's Concurring Opinion in *Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982), which held a Texas one year statute of limitations was unconstitutional, it was suggested that "longer periods of limitation might be unconstitutional." In *Astemborski v. Susmarski (I),* 499 Pa. 99, 451 A.2d 1012 (1982), it was held by the Pennsylvania Supreme Court, in reversing a common pleas court decision, that 42

Pa.C.S.A. § 6704(e) (the statute in question here) was constitutional and that following *Mills, supra,* the statute should be sufficiently long to present reasonable opportunity for those with an interest in the child, to assert the claim on its behalf, which is the first concern, but second, the time limitation must be substantially related to the state's interest in avoiding the litigation of stale or fraudulent claims. The unanimous court held the six year statute of limitations fulfilled those tests. Certiorari was granted by the United States Supreme Court, 103 S.Ct. 3105, vacated and remanded for reconsideration in light of *Pickett, supra.* In *Astemborski v. Susmarski (II),* 502 Pa. 409, 466 A.2d 1018 (1983), upon reconsideration in light of *Pickett,* the Pennsylvania Supreme Court, by Justice Flaherty, again held section 6704(e) to be constitutional and the state interest in preventing stale and fraudulent claims justified a six year statute of limitations, and that the decision is consistent with *Pickett.* Thus, the history and evolution of the civil provisions relating to paternity cases clearly appears to be to bring the actions for establishing paternity into conformity with modern concepts and practices, which seeks to eliminate stigmatization by those proceedings and to protect the right of the child to support. At the same time, the additional safeguards provided by the jury trial and limitations of actions, gives greater assurance that stale, fraudulent, spurious and frivolous actions would not prevail.

Since the derivation of section 6704(e), as seen above, is from earlier, almost identically worded sections of the repealed criminal acts, 18 P.S. § 4506, § 4732, a similar intent should be ascribed to it.

As noted above, section 6704(e) provides:

Limitation of actions—All actions to establish paternity of a child born out of wedlock brought under this section must be commenced within six years of the birth of the child, except where the reputed father shall have acknowledged in writing his paternity, in which case an action may be commenced at any time within two years of any such contribution or acknowledgement by the reputed father.

As compared to the earlier criminal statutes, the only change was to increase the basic time to commence the action from two years to six years from the date of the birth of the child.

The only reasonable interpretation of this statute is that a parent to prevail *must* proceed to file an action within six years from the date of the birth of the child. The only exception is that granted to a parent when support or acknowledgement has occurred, which carries the filing date beyond the six year period but limited to a period within two years of such support or acknowledgement in writing. Contrary to the appellant's position, support, or as here, acknowledgement within the six year period, does not fix the right to pursue an action, but only fixes the time frame during which such action can be pursued should it carry beyond the basic six year limitation.

There is sound social policy for this reasoning in addition to that espoused in *Pickett* and *Astemborski, supra.* While the child born out of wedlock and his custodial parent are entitled to reasonable support from the natural father, the reputed father should also be assessed with this obligation within a reasonable time so that he can plan for his life and future family obligations. Support obligations are heavy and continuous, and parties having such obligations cannot lightly increase their families, expend on investments, consider career changes, or even prepare for retirement, without factoring those considerations into their life equation. To suddenly find a duty to support after six, eight or ten years, when no prior formal acknowledgement or commitment was made could be unfair if not devastating.[1] Under the facts of this case, an acknowledgement in writing more than seven years before filing of an action is not by law or in fairness to the appellee, a reasonable basis for instituting a paternity proceeding. Neither the protection of the

1. This acknowledgement is not, however, to be confused with the formal acknowledgement pursuant to 23 Pa.C.S.A. § 8302, Acknowledgement of paternity, which provides that after such acknowledgement the father shall have the right and duties as to the child which he would have, had he been married to the child's mother at the time

child's rights nor the advancement of a state interest would be furthered by such an interpretation. *See Mills, Pickett, Astemborski, supra.*

Appellant would have us construe the acknowledgement as an estoppel to pleading the statute of limitations. The law of estoppel relied on by appellant applies only in the cases arising from marriage and birth during coverture, or when the parties, who are parents of a child born out of wedlock, marry, thus legitimizing that child. *See Hall* and *Gonzalez, supra.* It has no application in this case. Such an estoppel is directed to protecting the sanctity of the family and to avoid unreasonably involving children in vituperative disputes when the parents separate. It is founded on one of the strongest presumptions in law, the presumption of legitimacy. As Justice Rehnquist stated in *Mills, supra,* quoted by Justice Flaherty in *Astemborski (II), supra:*

> The fact that [the State] must provide illegitimate children with a bona fide opportunity to obtain paternal support *does not mean, however, that it must adopt procedures for illegitimate children that are coterminous with those accorded legitimate children. Paternal support suits on behalf of illegitimate children contain an element that such suits for legitimate children do not contain proof of paternity.*

*Id.*, 502 Pa. at 413, 466 A.2d at 1020. No such public policy issue is present here, nor is there public expectation as in *Hall* and *Gonzalez,* that children born of a married couple are legitimate and, therefore, entitled to all of the rights of a child arising from the marital and family status. The *acknowledgement* of paternity cannot be equated with a *finding* of paternity, otherwise there would be no need for a hearing on that issue. Since it is not conclusive, and a hearing is required, the statute of limitations applies.

of the child's birth. We are not called upon to decide the implications of that statute and in no way imply that this acknowledgement is controlled by the limitation imposed by section 6704(e), particularly since it was enacted during the same legislative session, but fifteen days later (1980 October 15, P.L. 934, No. 163, § 1, effective January 1, 1981).

For the foregoing reasons, we affirm the Order of the court below.

Order affirmed.

ROBERTS, J., dissents.

ROBERTS, Judge, dissenting:

Because I am unable to agree with the majority that appellee's assertion of the statute of limitations in these circumstances should relieve him of his obligation to support Shannon Michelle Grassmyer, I dissent.

By written agreement dated September 19, 1975, appellee "acknowledge[d] and admit[ted] paternity of said child born to [appellant] ... and acknowledge[d] all liability and responsibilities connected with parenthood, birth, maintenance, education and bring up [sic] of said child." This agreement is not only an acknowledgement of paternity, but also an affirmative undertaking to support the child, upon which appellant could and did rely. It is a promise which appellee is legally bound to perform.

In light of this specific agreement, all that remains is for the court to fix the amount of support to be paid, and I would remand the case for that purpose.