## In re Lavin Name Change Petition

*David S. Brady,* for petitioner.
*John S. Davidson,* for respondent.

NATALE, *J.,* October 18, 1989 — Presently before the court are petitions to change the surnames of two minor children, Sean Paul Lavin (born Novem-

ber 26, 1970)[*] and Eric Michael Lavin (born July 22, 1973), to their mother's maiden name of Vitrano.

Both children were born of the marriage of Leslie Lavin and Rosalie Vitrano. Mr. and Mrs. Lavin were divorced in 1984. Pursuant to an order of this court dated July 30, 1984, Mr. Lavin has continuously made weekly alimony and child support payments of $138 per week. Since the divorce, Ms. Vitrano had remarried but was widowed.

The court conducted a hearing on the name change petitions on May 5, 1989. The minor children testified that they wished to have their names changed to their mother's maiden name because it was easier to travel overseas and because they love their mother and wanted to be identified with her. Ms. Vitrano testified that she had maintained custody of the children since the divorce, that their father showed no concern for the children and was aware of the proceedings and did not oppose the name changes. Nothing could be further from the truth.

Concerned that there was no proof presented to the court that the father, Leslie Lavin, had been notified, the court directed petitioners' attorney to obtain a statement from the father that he was aware of the proceedings and did not oppose them. Mr. Lavin is a domiciliary of Illinois but is presently assigned to work in Taipei, Taiwan. Once contacted, Mr. Lavin did not concur in the changing of his sons' names. Instead, he retained counsel and strenuously objects to the proceedings.

Mr. Lavin has raised three issues in his brief: (1) whether the failure to give actual prior notice to a

---

[*] Despite petitioner's claim that Sean Paul Lavin is an adult, the law is clear that he is a minor. See 1 Pa.C.S. §1991.

non-petitioning parent as required by 54 Pa.C.S. §701 et seq., is a fatal procedural flaw; (2) is venue proper in Dauphin County?; and (3) is the change in the best interests and welfare of the children?

## DISCUSSION

### *Failure to provide notice*

The court does not find under these unique circumstances that the proceedings are fatally flawed. Counsel for Mr. Lavin has not requested that testimony be taken from his client nor even for permission to submit a sworn affadavit. Instead, counsel has gone forward, presenting his client's position by way of letter, and noted that Mr. Lavin hoped for a speedy disposition. The court finds this a waiver of the issue. This is not to imply criticism of the father or his attorney. The court is aware of the difficulties of representing a client whose work requires his residence half a world away.

### *Venue*

The father submits that venue does not lie in Dauphin County as the minors are residents of the United Kingdom. The court finds that insufficient evidence is of record to make a determination of this issue. Normally the court would order further hearings on the issue but, in view of the court's ultimate decision below, and the difficulty for all parties that this would entail, the court will not address the issue.

### *Best Interests of the Minors*

The statutory provision in question states, "[t]he court of common pleas of any county may by order change the name of any person resident in the

4

county." Act of December 16, 1982, P.L. 1309, 54 Pa.C.S. §703. (emphasis supplied) The grant or denial of a name change petition is a matter for the court's discretion. *Petition of Christjohn,* 286 Pa. Super. 112, 428 A.2d 597 (1981); *Petition of Falcucci,* 355 Pa. 588, 50 A.2d 200 (1947).

In a proceeding to change a minor child's surname, the child's best interests control. *Matter of Montenegro,* 365 Pa. Super. 98, 528 A.2d 1381 (1987); *Petition of Schidlmeier by Koslof,* 344 Pa. Super. 562, 496 A.2d 1249 (1985).

"A party urging the minor child's change of name has the burden of coming forward with evidence that the name change requested would be in the child's best interest, and that where a petition to change a child's name is contested, the court must carefully evaluate all the relevant factual circumstances to determine if the petitioning parent has established that the change is in the child's best interests. Neither parent is to be accorded a presumption." *Matter of Montenegro, supra; Petition of Schidlemeier by Koslof, supra.*

In the case at bar, the court finds that the petitions fall short of establishing that the change would serve the best interests of Sean and Eric.

Ms. Vitrano displayed open hostility towards her former husband. She boldly testified under oath that the father knew of and approved the name change. This was totally untrue and reprehensible. It is obvious to the court that Ms. Vitrano has done her best to poison the minds of her sons against their father. She has, to a large extent, succeeded, but this court will not allow its authority to be used in this manner.

The reasons advanced by the petitioning party — that the sons love their mother and that traveling would be easier under one name — are true of any

family. In this age of numerous divorces and illegitimate children, there is nothing unusual about varying family surnames and society does not frown upon it.

Sean and Eric have lived with the name Lavin for 18 and 16 years, respectively. The court is unpersuaded that any legitimate reason has been provided for changing their names at this point in their lives. Far from attempting to alienate her sons from their father, Ms. Vitrano should do all she can to foster the boys' relationship with their father. Though not technically of record in this case, the court has been provided with numerous letters authored by Ms. Vitrano, Mr. Lavin and Sean. It is obvious to this court that Mr. Lavin loves his sons and would do much more for them were it not for the constraints of the divorce and the geographical distances between them. This is not a contest of one parent versus another. The boys are fortunate enough to have two living parents who both love them. They should strive to have a relationship with both parents, even though different in type. There is no need to cut one parent out of their lives.

In short, the court finds that changing the children's surnames would not be in the best interests of Sean and Eric Lavin. Accordingly the petitions are denied.

## ORDER

And now, this October 18, 1989, in accordance with the court's opinion issued this date, the name change petitions filed to the above are hereby denied.