Laura **GERSUNY**

v.

William **ARMSTRONG.**

No. 90–18–A.

Supreme Court of Rhode Island.

Nov. 1, 1990.

Patrick L. McKinney, McKinney & Collins, Wakefield, for plaintiff.

Joseph A. Keough, Keough, Parker, Gearon & Viner, Pawtucket, for defendant.

## OPINION

**PER CURIAM.**

This case came before a hearing panel of this court for oral argument on October 16, 1990, pursuant to an order that had directed the parties to appear to show cause why the issues raised in this appeal should not be summarily decided.

The plaintiff has appealed from an order entered in the Family Court by the General Master and affirmed by the Chief Justice of said court requiring a new birth certificate to issue changing the name of the minor child of the parties from that of her mother to that of her father.

The plaintiff contends that the Family Court did not have jurisdiction to entertain a request for name change. She argues that name change petitions are the province of the various probate courts of the state, G.L.1956 (1985 Reenactment) § 8-9-9. Nevertheless, plaintiff concedes that the Family Court is given specific authority pursuant to G.L.1956 (1988 Reenactment) § 15-8-23 to order a new birth certificate with an accompanying change of name in the course of a paternity proceeding. She argues, however, that in this case a consent order previously issued allowed the child's name to remain that of the mother. The plaintiff suggests that this exhausted the jurisdiction of the Family Court. Subject matter jurisdiction is not that easily extinguished. The right to enter an order must of necessity include the right to modify the order for good and sufficient reason. Thus, we reject the argument that the Family Court did not have jurisdiction to entertain the father's petition for a change of name.

On the merits of the petition for name change, the trial justice, after considering all elements raised by the parties, concluded that such a change was in the best interests of the child. We would consider such a fact-finding to be of great weight and to be disturbed only if clearly wrong.

After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that the trial justice was not clearly wrong. Therefore, the plaintiff's appeal is denied and dismissed. The order entered in the Family Court is hereby affirmed.

KELLEHER and SHEA, JJ., did not participate.