582 A.2d 1386

**In re Change of Name of Zachary Thomas Andrew GRIMES**

**To Zachary Thomas Andrew Grimes Palaia.**

**Appeal of David GRIMES.**

Superior Court of Pennsylvania.

Argued Oct. 30, 1990.
Filed Dec. 17, 1990.

Samuel H. Pond, Philadelphia, for appellant.

Stuart P. Winneg, Philadelphia, for participating party.

Before McEWEN, MONTEMURO and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal from the Decree for Change of Name issued on February 28, 1990 and docketed on March 30, 1990. We affirm.

Jane Palaia (Mother) and David Grimes (Father) were married in May of 1982. They separated in August of 1983. The child in question, Zachary Thomas Andrew Palaia–Grimes (Zachary), was born on May 17, 1984. By order of October 3, 1986 Mother received primary custody of Zachary and Father received partial custody. About the same period Father was ordered to pay support and provide medical coverage for Zachary, for which Father fell in arrears. Finally a wage attachment was issued against Father on December 18, 1989; at the time of the hearing Father was apparently current with his payments. N.T., February 15, 1990 at 5. Mother and Father divorced in 1987, after which Mother married Glen Palaia. Zachary has always lived with his Mother and Glen. Mother and Glen have had two children, and Mother is again pregnant.

On December 22, 1989 Mother, on behalf of Zachary, filed a Petition for Change of Name with the Court of Common Pleas. Mother's petition explained that Zachary resides with Mother, Glen and his two younger step-siblings and that he perceives, rightfully, that he is part of this family. Therefore, the difference between his surname, Grimes, and that of the rest of the family, Palaia, causes Zachary undue distress and confusion. Mother recognized the bond between Zachary and Father and asked, on behalf of Zachary, that his surname be changed to Grimes–Palaia. Father objected to the name change on the basis that he, the

biological father, takes an active part in Zachary's life. Following argument, the court granted the petition on February 28, 1990, with one modification. Instead of changing the name to Grimes–Palaia, the court changed the name to Palaia–Grimes, to which Mother consented. As the court explained at the hearing, he did so to relieve Father's distress; in this way, Father's name is still last. This order was docketed, along with the trial court's opinion, on March 30, 1990. The court explained his decision:

> This change will serve the best interest of the minor, which is the sole criteria on which the Court's decision can rest. It will provide him with a sense of true family relationship with his step-father and half brothers while confirming his relationship with his father and his paternal relatives. It will reinforce the minor's relationship with his half brothers all of whom live with their mother and Mr. Palaia.....
>
> We note the affection which the natural father has for his son and we respect as legitimate his desire to maintain his name to that of his son. This order does not abridge that respect in any fundamental sense.

Opinion, Samuel M. Lehrer, J., February 28, 1990. On March 30, 1990, the day the order was docketed, Father filed a notice of appeal to this court.

On appeal Father alleges that the trial court abused its discretion by changing Zachary's name when there was evidence that Father was supporting the child, had partial custody and was not guilty of misconduct, and where there was no evidence that the name change was in Zachary's best interests. Husband's arguments fail. First, contrary to his assertion, the court heard evidence at the hearing of February 15, 1990, at which both Mother and Father testified. Father, though not the parent with primary custody, has standing to contest a name change petition. *Petition of Schidlmeier by Koslof,* 344 Pa.Super. 562, 496 A.2d 1249 (1985). Nevertheless, the child's best interests unquestionably must control a proceeding for a name change, in which the court must carefully evaluate all

the relevant factual circumstances to determine if the petitioning parent has established that the change is in the child's best interests. *Id.*, 344 Pa.Super. at 569–570, 496 A.2d at 1253.

The trial court has wide discretion in granting or refusing a name change, and our scope of review is limited to the question of whether the evidence is sufficient to support the decision reached by the court. *In re Richie by Boehm*, 387 Pa.Super. 401, 564 A.2d 239 (1989). Father suggests that the court abused its discretion by disregarding Father's role in Zachary's life. To the contrary, the court took Father's role into consideration, recognizing the parent/child bond.

At the hearing, Mother testified that, because Zachary's surname is different from that of the family, he feels left out. Mother explained that Zachary became aware of his name discrepancy when he entered nursery school: "If he ever got lost or anything he would have to ask for Jane Palaia (Mother) and he didn't have my last name. And that's when he started to express his wishes." N.T., February 15, 1990 at at 10–11. Mother repeatedly told the court that she respected Father's bond with Zachary, thus her proposal for a hyphenated name. Father offered no evidence that the name change would not be in Zachary's best interests, or that it would impair his relationship with Zachary. Rather, he attempted to inject irrelevant testimony having to do with his dissatisfaction with the custody/visitation arrangement.

Father offers no authority, nor do we find any, in support of his position that simply because he pays support and has not been guilty of misconduct, Zachary's name may not be changed. Courts take these factors into consideration in determining the child's best interests, and in a given factual situation one of these considerations may be dispositive of a child's best interests, *see Petition of Christjohn*, 286 Pa.Super. 112, 428 A.2d 597 (1981) (name change granted), but in no case has a court decided that a name may not

be changed because the father pays support and has committed no misconduct. Nor is Zachary's young age grounds in itself to deny a name change if it is otherwise in Zachary's best interests. *Id.*

■ After careful consideration, we conclude that the court committed no abuse of discretion in deciding that Zachary's best interests required a surname change from "Grimes" to "Palaia–Grimes."

Order affirmed.