530 Pa. 388 (1992)
609 A.2d 158
In re CHANGE OF NAME OF ZACHARY THOMAS ANDREW GRIMES TO ZACHARY THOMAS ANDREW GRIMES-PALAIA.
Appeal of David GRIMES.
Supreme Court of Pennsylvania.
Argued January 24, 1992.
Decided May 21, 1992.
*390 Chris N. Stefanidis, Mark R. Schmidt, Philadelphia, for appellant.
Stuart Winneg, Philadelphia, for appellee.
Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.
CAPPY, Justice.
The question presented is one of first impression: when considering a petition to change the name of a minor child, by what standard should the trial court exercise its discretion.[1] In accordance with the majority of jurisdictions in the United States we declare the best interest of the child to be the appropriate focus in such cases. However, in the case at bar we find the record devoid of any competent evidence that changing this child's name was in his best interest. Therefore, we reverse the decision of the Superior Court, 400 Pa.Super. 146, 582 A.2d 1386 (1990), and remand the matter to the trial court.
Zachary Thomas Andrew Grimes was born on May 17, 1984. His mother, Jane Palaia, and father, David Grimes, were separated in August of 1983, and divorced on April 23, 1987. Shortly thereafter mother married Glen Palaia, with whom she has three children, Zachary's half-brothers.[2] Mother has primary custody of Zachary, father has regular visitation, pays child support, and is consistently involved in Zachary's life.
Mother, on behalf of Zachary, filed a petition for change of name on December 22, 1989 in the Court of Common *391 Pleas of Philadelphia County, requesting Zachary's surname be changed to Grimes-Palaia. Father filed objections to the petition and a hearing was held on February 15, 1990. On February 28, 1990 the Court entered an order changing the child's surname to Palaia-Grimes. On appeal to the Superior Court the change of name was affirmed. This Court granted the father's petition for Allowance of Appeal.
"The court of common pleas of any county may by order change the name of any person resident in the county." 54 Pa.C.S. § 702. The statutory scheme sets forth no criteria for the court to consider when exercising its discretion upon a petition for change of name. The only prohibition within the statute appears at § 705: "Any person violating the provisions of this chapter for purpose of avoiding payment of taxes or other debts commits a summary offense." The procedural requirements are established in 54 Pa.C.S. § 101, providing as follows:
(a) Any person desiring to change his or her name shall file a petition in the court of common pleas of the county in which he or she shall reside, setting forth such desire and intention and the reason therefor, together with the residences of the petitioner, and his residence or residences for and during five years prior thereto. Where the petitioner is a married person, the other spouse may join as a party petitioner, in which event, upon compliance with the provisions of this section, said spouse shall also be entitled to the benefits hereof. The court shall, thereupon, enter an order directing that notice be given of the filing of said petition and of the day set for the hearing thereon, which hearing shall be not less than one month or more than three months after the filing of said petition, and said notice shall be:
(1) Published in two newspapers of general circulation in said county or county contiguous thereto, one of which publications may be in the official paper for the publication of legal notices in said county.
(2) Given to any nonpetitioning parent of a child whose name may be affected by the proceedings.

*392 (b) At the hearing of said petition, any person having lawful objection to the change of name may appear and be heard. If the court be satisfied after said hearing that there is no lawful objection to the granting of the prayer of said petition, a decree may be entered by said court changing the name as prayed for, if at said hearing the petitioner or petitioners shall present to the court proof of publication of said notice as required by the order, together with official searches of the proper offices of the county wherein petitioner or petitioners reside and of any other county wherein petitioner or petitioners may have resided within five years of the filing of his or her petition for change of name, or a certificate in lieu thereof given by a corporation authorized by law to make such searches, showing that there are no judgments or decrees of record or any other matter of like character against said petitioner or petitioners.
(c) The provisions of this section are hereby declared to be procedural.
The focus of the statute and the procedures thereunder, indicate a liberal policy regarding change of name requests. The necessity for judicial involvement centers on governmental concerns that persons not alter their identity to avoid financial obligations. Beyond requiring compliance with the notice provisions, the statute provides no additional guidance for courts considering petitions for change of name. Absent any legislative criteria, courts reviewing petitions for change of name exercise their discretion "in such a way as to comport with good sense, common decency and fairness to all concerned and to the public." Petition of Falcucci, 355 Pa. 588, 592, 50 A.2d 200, 202 (1947).
As our statute, at subsection (a)(2) recited above, clearly contemplates petitions for changing the name of a minor child,[3] the lower courts of this Commonwealth have consistently exercised their discretion when reviewing these petitions "according to the best interest of the child in question."[4] *393 Petition of Christjohn, 286 Pa.Super. 112, 428 A.2d 597 (1981); Petition of Schidlmeier, 344 Pa.Super. 562, 496 A.2d 1249 (1985); In re: Richie by Boehm, 387 Pa.Super. 401, 564 A.2d 239 (1989). The best interests of the child is the standard used by an overwhelming majority of our sister states when reviewing petitions for change of name on behalf of minor children.[5]
We can discern no rational basis for disregarding the great weight of authority, requiring a court to exercise discretion in the best interest of a child, when reviewing a minor's petition for change of name. In adopting this *394 standard in Pennsylvania, we further hold, that a petitioner in such instance must bear the burden of establishing that a change would be in the best interest of said child.
Specific guidelines are difficult to establish, for the circumstances in each case will be unique, as each child has individual physical, intellectual, moral, social and spiritual needs. See generally In re: Davis, 502 Pa. 110, 465 A.2d 614 (1983). However, general considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.[6]
In turning to the petition before us, the record reveals little competent evidence regarding the best interest of Zachary Andrew Thomas Grimes. The testimony considered by the trial court was that of the mother, who brought the petition, and the father, who opposed the petition. Mother testified that, for some time, Zachary, had expressed a desire to have the same name as she and his brothers in case he ever got lost, and to cement his feeling of being a part of the same family unit.
The father testified that Zachary had never indicated to him a desire to change his name, and that the petition was a continuation of the hostility between mother and father which emanated from their bitter divorce. Father believed the petition to be motivated solely by the mother's attempt to obliterate all ties with the Grimes family. Father also testified that Zachary had close bonds with his various *395 cousins named Grimes and should be encouraged to continue his identification with his paternal relatives through his surname.
The child was available; the court declined to interview Zachary. Admittedly, Zachary was only five years of age at the time. However, given the discrepancies in what each parent stated was Zachary's desire in these proceedings, an interview with the child may have been helpful. Although the trial court acknowledged the close involvement of father in Zachary's life, and the possible hostile motives of the mother, the court chose to impose its own interpretation of what name would best suit Zachary arbitrarily selecting Palaia-Grimes.[7] While we are cognizant of the trial court's attempt to pacify all the parties involved by this device, we cannot agree that the record establishes a change in Zachary's name as being in his best interest.
The trial court, during the hearing, spent much time emphasizing the detrimental effects of divorce upon children. While that may be a statement of general truth, there was no evidence that the divorce involved herein was so injurious to Zachary that changing his name would compensate for any pain he might have suffered. The record reflects an attempt by the trial court to impose its own views upon the litigants as opposed to a genuine determination of what would best suit Zachary, taking into consideration "good sense, common decency and fairness to all concerned and the public." Petition of Falcucci, 355 Pa. at 592, 50 A.2d at 202.
Accordingly, the decision of the Superior Court is reversed and this case is remanded to the trial court for proceedings consistent with this opinion.
LARSEN, J., did not participate in the consideration or decision of this opinion.
*396 NIX, C.J., concurs in the result.
PAPADAKOS, J., files a dissenting opinion in which ZAPPALA, J., joins.
PAPADAKOS, Justice, dissenting.
I dissent to the attempt of the majority to create a new standard for determining whether a trial judge will authorize the change of name of a minor. The legislature has clearly set forth the requirements for a change of name and we should not add to the statute. It is enough that we rely upon the discretion of the trial judge and reverse only when that discretion has been abused.
ZAPPALA, J., joins this dissenting opinion.
NOTES
[1] The appellate standard of review would remain consistent with our established standard for cases involving petitions for change of name, regardless of the age of the petitioner; i.e., whether or not there was an abuse of discretion. Petition of Falcucci, 355 Pa. 588, 50 A.2d 200 (1947).
[2] At the time of the trial court hearing mother was pregnant. Zachary's third sibling was born during the pendency of this appeal.
[3] Such petitions are commonly brought by the child's natural or legal guardian pursuant to Pa.R.Civ.P. 2026 et seq.
[4] Only one jurisdiction prohibits petitions for name changes of persons under the age of 18. See, Application of Januskiewicz, 105 N.M. 306, 731 P.2d 1350 (1986).
[5] The following jurisdictions apply the "best interest of the child" standard when considering petitions to change the name of minor children: Laks v. Laks, 25 Ariz.App. 58, 540 P.2d 1277 (1975); Stamps v. Rawlins, 297 Ark. 370, 761 S.W.2d 933 (1988); In re: Schiffman's Marriage, 28 Cal.3d 640, 620 P.2d 579, 169 Cal.Rptr. 918 (1980); D.K.W. v. J.L.B., 807 P.2d 1222 (Colo.App.1990); Don v. Don, 142 Conn. 309, 114 A.2d 203 (1955); Degerberg v. McCormick, 41 Del.Ch. 46, 187 A.2d 436 (1963); Collinsworth v. O'Connell, 508 So.2d 744 (Fla.Dist.Ct.App.1987); Fulghum v. Paul, 229 Ga. 463, 192 S.E.2d 376 (1972); In re: Marriage of Presson, 102 Ill.2d 303, 80 Ill.Dec. 294, 465 N.E.2d 85 (1984); Petition of Meyer, 471 N.E.2d 718 (Ind.Ct.App.1984); Matter of Morehead, 10 Kan.App.2d 625, 706 P.2d 480 (1985); Likins v. Logsdon, 793 S.W.2d 118 (Ky.1990); Webber v. Webber, 167 So.2d 519 (La.Ct.App.1964); In re: Reben, 342 A.2d 688 (Me.1975); Hardy v. Hardy, 269 Md. 412, 306 A.2d 244 (1973); Mark v. Kahn, 333 Mass. 517, 131 N.E.2d 758 (1956); Rappleye v. Rappleye, 183 Mich.App. 396, 454 N.W.2d 231 (1990); Jacobs v. Jacobs, 309 N.W.2d 303 (Minn.1981); Marshall v. Marshall, 230 Miss. 719, 93 So.2d 822 (1957); R.K.-T.S. by V.T. v. R.S., 819 S.W.2d 749 (Mo.Ct.App.1991); Matter of Iverson, 241 Mont. 140, 786 P.2d 1 (1990); In re: Andrews by and through Andrews, 235 Neb. 170, 454 N.W.2d 488 (1990); Magiera v. Luera, 106 Nev. 775, 802 P.2d 6 (1990); Moskowitz v. Moskowitz, 118 N.H. 199, 385 A.2d 120 (1978); Application of Rossell v. Yacono, 196 N.J.Super. 109, 481 A.2d 602 (1984); Rio v. Rio, 132 Misc.2d 316, 504 N.Y.S.2d 959 (1986); Bobo v. Jewell, 38 Ohio St.3d 330, 528 N.E.2d 180 (1988); Gleason v. Michlitsch, 82 Or.App. 688, 728 P.2d 965 (1986); Gersuny v. Armstrong, 581 A.2d 718 (R.I.1990); Ex parte Stull, 276 S.C. 512, 280 S.E.2d 209 (1981); Halloran v. Kostka, 778 S.W.2d 454 (Tenn.Ct.App. 1988); Newman v. King, 433 S.W.2d 420 (Texas 1968); Hamby v. Johnson, 769 P.2d 273 (Utah Ct.App.1989); In re: Fletcher, 145 Vt. 209, 486 A.2d 627 (1984); Beyah v. Shelton, 231 Va. 432, 344 S.E.2d 909 (1986); Daves v. Nastos, 105 Wash.2d 24, 711 P.2d 314 (1985); In re: Harris, 160 W.Va. 422, 236 S.E.2d 426 (1977).
[6] We note, that in Pennsylvania there exists no legal requirement that a child bear the surname of either parent. Title 28 of the Pennsylvania Code provides:

§ 1.7 Registration of children born in wedlock.
(a) The designation of a child's name, including surname, is the right of the child's parents. Thus, a child's surname as recorded on its birth certificate may be the surname of either or both of the child's parents, a surname of the parents in hyphenated or other form, or a name which bears no relationship to the surname of either parent.
[7] The petition had requested the child's name be changed to Grimes-Palaia. We note that the mother did not object to this suggestion by the court.