## Berrier Petition

*Anthony G. DeBoef,* for petitioners.
*Michael Johnston,* for natural father.

QUIGLEY, *P.J.,* July 19, 1994—We have before us the request of two children, through their natural mother, to change their name from the name of their father to the maiden name of their mother.

The prime mover of this request is Kayla R. Berrier, age 10, who testified that her father's criminal activities and the publicity surrounding them have caused her much embarrassment and stress. She also states that her 6 year old sister, Karen, concurs in this request, although she was not heard from at the court proceeding.

Morine Berrier, Kayla and Karen's mother, verified that it was both of her daughters' wishes to have their names changed to her maiden name. She felt it was in the best interest of the children, but concurred with the fact that Kayla was in fact the prime mover of this action.

This court is aware that a best interest test is applied when the court is requested to change the name of a child. We will refer to the recent case of *In re Change of Name of Zachary Thomas Andrew Grimes to Zachary Thomas Andrew Grimes-Palaia,* 530 Pa. 388, 609 A.2d 158 (1992) as setting forth the factors to be considered in addition to whether or not the change is in the best interest of the child.

A name is not *the* person. A person is much more than a name, more factors and component parts than could

ever be summarized. However, names do identify and can stereotype and bring about notoriety, lack of privacy, and in some cases shame and embarrassment.

In this case, it would be easy to say to Kayla that she should simply accept the fact that her last name is what it is, but that she is her own person and will establish to the world in due course her value and worth as a human being irrespective of any "handle" that might presently be around her neck.

However, we found Kayla to be quite sincere and mature in her request and we found her mother, Morine, to be objective about the whole situation and supportive of her daughter's wishes after apparently having given them considerable thought.

We are aware that a relationship does exist between the girls and their father, whereby occasional and brief visits have taken place and we have no doubt will continue to take place in the future.

On the other hand, the father has been known to this court for years because of his continuing appearances and convictions before this judge sitting in criminal court. In fact, the defendant presently awaits sentencing in his latest case.

The event that culminated in this petition being filed consisted of the father being designated "criminal of the week" in the local news media. His picture appeared in the paper and his description included tattoos which contained the names of his daughters.

Subsequently, the father was apprehended by law enforcement agencies in a highly publicized and in fact to some degree televised event. Kayla was mortified. We think Kayla and her sister's best interests will be served by granting the petition. If their father over time comports himself sufficiently well to earn his daughters' respect, perhaps they might again wish to petition the court.

## ORDER

And now, July 19, 1994, for the reasons set forth in the within memorandum, the court grants the prayer of this petition and directs that the surname of Kayla Berrier and Karen Berrier henceforth be changed to Markle.