## In re Kelcie Nicole Kramer

C.P. of Lehigh County, no. 1999-C-1087.

*Joseph P. Maher,* for petitioner.
*Daniel J. Sabetti,* for respondent.

FORD, *J.,* October 20, 1999—

### ORDER

Now, October 20, 1999, following a hearing conducted on July 30, 1999, on the petition for change of name by Shawn P. Zupa, wherein Shawn P. Zupa seeks to change the name of the minor child, Kelcie Nicole Kramer, who

is the child of petitioner and Joni L. Kramer, it is hereby ordered that the petition is denied.*

---

* Petitioner, Shawn P. Zupa, seeks a change of name for the minor child, Kelcie Nicole Kramer, from the court of common pleas, pursuant to the authority granted to the court under 54 Pa.C.S. §702. Petitioner and Joni L. Kramer are the biological parents of Kelcie who was born on August 8, 1996. Ms. Kramer objects to the name change.

Name change procedural requirements are set forth in 54 Pa.C.S. §101. As noted by the Pennsylvania Supreme Court in *In re Change of Name of Zachary Thomas Andrew Grimes to Zachary Thomas Andrew Grimes-Palaia,* 530 Pa. 388, 609 A.2d 158 (1992), the statute provides no guidance for the courts in deciding whether to grant these petitions. The Supreme Court declared the provisions of the statute to be procedural only.

However, the Supreme Court, in that same case, set forth standards for courts of common pleas to follow in adjudicating name change petitions.

The Supreme Court first noted that the standard to be applied in acting on a petition is the best interests of the child. The court must use sound discretion in determining what is in the best interests of the child.

The Supreme Court continued that it is the petitioner who must bear the burden of establishing that a name change would be in the best interests of the child. According to the Supreme Court, specific guidelines are difficult to establish because each case will necessarily be different. Nevertheless, "general considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within

the community, and where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name." *In re Change of Name of Zachary,* 530 Pa. at 394, 609 A.2d at 161.

We turn to a consideration of what was presented at this hearing. It is our determination, after careful consideration of the evidence, that the petitioner has not met his burden of proving that the name change is in the best interests of the child.

At the time of the hearing, Kelcie was about a week away from her third birthday.

The father advanced two themes in arguing in favor of the name change.

The name change proposed by the father is a compound last name of Zupa-Kramer. Presently, the child has only the same last name as the mother, which is Kramer. The father argues that the addition of his surname, combined with the mother's surname, will have a tendency to strengthen the bond of the father with the child and foster a more loving relationship between them.

The second argument, however, is the primary argument made by the father. Most of his testimony addressed this. Very simply, the father argues that the absence of his surname from the child's name creates confusion in the child. The addition of his surname would assist the child in identifying him as her father. It will eliminate the need for explanations to the child of the relationships of adults to the child. It will foster the child's calling the father "daddy" or some similar name rather than "daddy Zupa" as the child presently does.

The mother objects to the name change but her reasons for objection were not articulated well at the hearing. The argument advanced by her attorney is that the creation of a compound last name with the use of a hyphen will have the tendency to cause greater confusion in the child than the present name of Kramer, which is the surname of the mother. Additionally, the mother describes, in her answer to petition for change of name, her relationship with the father of the child as rancorous. This was also apparent at the hearing, not in the sense of misconduct at the hearing but in the sense of how they reacted to each other. For these reasons, she objects to the name change.

There is no basis for the first reason advanced by the father. There is nothing in the record to indicate that the change of last name, to include the father's surname, would strengthen the bond of father and child or increase the affection of the child for the father.

Moreover, the father has not met his burden of proof in the presentation of his second argument. We question the statements of confusion attributed to this 3-year-old child. If we were to accept the father's testimony in this regard, we would have a child who is preoccupied with the relationship of her biological parents to her and the fashion in which she refers to these people. We find that to be unlikely. The evidence has not convinced us that the name change will eliminate confusion in the child, if any exists.

The child will easily identify her father and mother by the love and care given by the parents to her, even without the name change. Perhaps that is already done. Despite a less than ideal relationship between the parents

for this first part of the child's life, it strikes us that both parents care deeply about the child, and the name change is not needed to improve the relationship with the child or to foster an appropriate parent/child relationship of each parent with the child.

From the evidence that we heard, social stigma is not attached to the surnames "Zupa" or "Kramer." There is no reason to believe, from the record, that the mother's family and the father's family and their respective surnames are not well regarded in their respective communities.

Finally, we have noted the child's tender age and we are not at all satisfied that she understands the significance of a name change that the father would have us attach to it. In this regard, we have considered an interview with the child but we deem it inappropriate because of her young age, because no party suggested such an interview, and because of a concern that we might be creating an issue for the child (concern over last name) which does not presently exist in her young mind.

We do not reject the name change petition because of the strength of the mother's position in this case. As we stated, there is vagueness about the position which she took with the court. We reject the petition because the father has not met the burden of proof which we have described above.