J-A23042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

PETITION FOR CHANGE OF NAME OF:   :      IN THE SUPERIOR COURT OF
A.M.S., A MINOR                            :            PENNSYLVANIA
                                             :
                                           :
APPEAL OF: A.C.D.                  :           No. 1632 WDA 2014

Appeal from the Order Dated September 9, 2014
In the Court of Common Pleas of Lawrence County
Orphans' Court at No(s): No. 10220 of 2014, C.A.

BEFORE: GANTMAN, P.J., LAZARUS, J., AND MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 26, 2015**

Appellant, A.C.D. ("Father"), appeals from the order entered in the Lawrence County Court of Common Pleas, denying his petition for change of name of A.M.S., a minor. We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.[1] Therefore, we have no reason to restate them.

Father raises the following issue for our review:

> THE COURT ERRED IN CONCLUDING THAT FATHER HAD NOT MET HIS BURDEN OF PROVING THAT THE NAME CHANGE WAS IN THE BEST INTEREST OF [A.M.S.]

(Father's Brief at 5).

---

[1] The court denied Father's petition for change of name on September 9, 2014. Father timely filed a notice of appeal on October 7, 2014. On October 16, 2014, the court ordered Father to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Father timely complied on November 6, 2014.

This Court has stated:

> The appellate standard of review involving a petition for change of name, regardless of the age of the petitioner, is whether or not there was an abuse of discretion. When considering a petition to change the name of a minor child, the best interest of the child should be the standard by which a trial court exercises its discretion. This Court has further held:
>
> > [T]he party petitioning for the minor child's change of name has the burden of coming forward with evidence that the name change requested would be in the child's best interest, and that where a petition to change a child's name is contested, the court must carefully evaluate all of the relevant factual circumstances to determine if the petitioning parent has established that the change is in the child's best interest.

*In re E.M.L.*, 19 A.3d 1068, 1069 (Pa.Super. 2011) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John W. Hodge, we conclude Father's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed September 9, 2014, at 2-5) (finding: both parties presented themselves as wonderful and capable parents who have strong support systems and respectable families in community; based upon positive attributes of Mother and Father, court cannot conclude Father met his burden to prove name change is in A.M.S.'s best interest; A.M.S. is still very young, and if he should choose to change or modify his name when he

reaches maturity, court will entertain request at that time; there is insufficient justification to warrant name change, given factors presented to court, including A.M.S.'s health and happiness in both homes, his strong bond with his Father, stepmother, and half-brother, despite having different last names, and no indication that Father's name is held in higher esteem in community). The record supports the trial court's decision; therefore, we have no reason to disturb it. Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2015

IN RE:                                   :   IN THE COURT OF COMMON PLEAS

PETITION FOR CHANGE OF NAME              :   LAWRENCE COUNTY, PENNSYLVANIA

OF:  A. M. S.                            :   NO. 10220 OF 2014, C.A.

### APPEARANCES

For the Petitioner:                      Heather M. Papp-Sicignano, Esq.
                                         SWEENEY LAW OFFICES
                                         8001 Rowan Road, Suite 212
                                         Cranberry Township, PA  16066

For the Respondent:                      Philip L. Clark, Jr., Esq.
                                         Leymarie, Clark & Long, P.C.
                                         Suite 8, 2nd Floor
                                         1429 New Butler Road
                                         New Castle, PA  16101

### OPINION

Hodge, J.                                           September 9, 2014

Before the Court for disposition is a Petition for Name Change related to the minor child, A. M. S. born , 2010. The Petitioner, A. C. D. (hereinafter, "Father"), and the Respondent, T. A. S, (hereinafter, "Mother") are the natural parents of the minor child. Father is requesting the minor child's name be changed to include his surname, D. Prior to addressing the merits of Father's petition, the Court provides the following summation of the procedural and historical facts associated with this case.

53RD
JUDICIAL
DISTRICT

WRENCE COUNTY
PENNSYLVANIA

2014 SEP 10  A 8: 58

HELEN I. MURGA
PRO AND CLERK

11

Mother and Father were dating at the time of A.M.S.'s conception. They were not married and never lived together. Two weeks before A.M.S.'s birth, Mother and Father met to discuss his name. At this time, Mother told Father that she had decided unilaterally that the minor child's middle name would be M. and the last name would be S.

In 2010, Mother gave birth to the minor child in her home at approximately 5:15 a.m.; Mother and the minor child were subsequently transported to the          Medical Center by ambulance. Due to the emergency nature of the child's birth, Father was not notified that the minor child was born until the following day. Consequently, Father was not present at the hospital when Mother signed the birth certificate. Mother signed the certificate, which formally identified the minor child as   A.M.S.          Mother was served with a copy of the instant Petition for Name Change on March 13, 2014. Mother filed timely objections, and hearings were scheduled before this Court on May 13, 2014 and July 7, 2014.

Father testified about his relationship with A.M.S. and the reasons he requests the Court to change A.M.S.'s last name to reflect that of his own. Father stated that he made a place for A.M.S. in his home prior to his birth. A.M.S. has always been a part of his household and family, and he has a strong relationship with his half-brother and step-mother. Father is

53RD
JUDICIAL
DISTRICT

WRENCE COUNTY
'ENNSYLVANIA

2014 SEP 10 A 8 58

HELEN I. MORGA
PRO AND CLERK

concerned that the minor child's name is not reflective of Father or Father's heritage. Father additionally stated that he repeatedly requested to have the minor child's surname include or be that of his own.

Alternatively, Mother stated she provided the minor child with her surname because she was not married to child's father. Mother contends that her actions conform to the Pennsylvania Code, which provides that "[t]he child of an unmarried woman may be registered with any surname requested by the mother. If no other surname is so requested, the child shall be registered with the mother's surname." See 28 Pa.Code §1.6. Mother conceded that Father has a good relationship with the minor child, but she does not believe their relationship is contingent upon sharing a common surname.

After considering the testimony and evidence presented by both parties, Father's request to change the minor child's name of **A. M. D.** or in the alternative to **A. M. S- D.** is presently before the Court for a determination.

When considering a petition to change the name of a minor child, the trial court must consider whether doing so is in the best interest of the minor child. In Re: Change of Name of Zachary Thomas Andrew Grimes-Palaia, 609 A.2d 158 (Pa.1992). The Superior Court of Pennsylvania has further held that

53RD
JUDICIAL
DISTRICT

WRENCE COUNTY
'ENNSYLVANIA

FILED/ORIGINAL

2014 SEP 18 A 8:58

HELEN I. MORGAN
PRO AND CLERK

the party petitioning for the minor child's change of name has the burden of coming forward with evidence that the name change requested would be in the child's best interest, and that where a petition to change a child's name is contested, the court must carefully evaluate all of the relevant factual circumstances to determine if the petitioning parent has established that the change is in the child's best interest.

In Re: Change of Name of E.M.L., 19 A.3d 1068, 1069 (Pa.Super. 2011) (citing In Re: C.R.C., 819 A.2d 558, 560 (Pa.Super. 2003). Relevant factors include the natural bonds between the parent and child, the social stigma relating to or respects afforded to a particular name within the community, and where appropriate, the minor child's preference. In Re: Grimes, 609 A.2d 158, 161 (Pa. 1992).

In reaching a determination, the Court acknowledges that it is more frequently being presented with petitions to change the name of a minor child. The commonality between the cases is often the lack of a relationship between the subject child's biological parents. These cases are often difficult for the Court to decide because the Court infers that the parents associate some measure of love or parental bond is having similar nomenclature with the minor child. In the Court's own experiences, the two are not mutually exclusive. It is often the love, attention and devotion given to the child by each parent that is fundamental in solidifying the familial unit.

53RD
JUDICIAL
DISTRICT

WRENCE COUNTY
PENNSYLVANIA

FILED/ORIGINAL

2014 SEP 10 A 8: 58

HELEN I. MORGA
PRO AND CLERK

Furthermore, social norms are not what they were fifty or even twenty years ago, where children typically carried the surname of their biological father, regardless of the parents' marriage status. The Court does not infer a negative connotation will befall the minor child if his last name is different from that of his father's or even his mother's if she ultimately chooses to remarry. Both parties have presented themselves as wonderful and capable parents. Both parties have a strong support system and respectable families in the community.

Based upon the positive attributes of Mother and Father, the Court cannot conclude that the father has met his burden of proof that it is in the minor child's best interest to grant Father's Petition for Name Change. Although the testimony establishes that the minor child is happy in both homes and very healthy, he is still very young. Should the minor child have a preference to change or modify his last name when he reaches maturity, the Court will gladly entertain such a request, but given the parties' present circumstances and the factors presented to the Court, it cannot conclude that there is sufficient justification to grant Father's request at this time.

**53RD JUDICIAL DISTRICT**

**WRENCE COUNTY PENNSYLVANIA**

FILED/ORIGINAL

2014 SEP 19 A 8: 58



HELEN I. MORGAN
PRO AND CLERK

IN RE:                              :    IN THE COURT OF COMMON PLEAS

PETITION FOR CHANGE OF NAME         :    LAWRENCE COUNTY, PENNSYLVANIA

OF:    A. M. S.                     :    NO. 10220 OF 2014, C.A.


ORDER OF COURT

AND NOW, this 9th day of September, 2014, with this matter being before the Court on a Petition for Change of Name, with the Petitioner, A. C. O. , appearing and being represented by Heather M. Papp-Sicignano, Esquire, and with the Respondent, T. S. , appearing and being represented by Phillip L. Clark, Jr., Esquire and after a hearing held, and in consideration of the testimony and evidence presented, the Court hereby ORDERS and DECREES as follows:

1.   Consistent with the attached Opinion, the Petition for Name Change is DENIED.

2.   The name of the minor child, A. M. S., born            2010, shall remain  A. M. S.

3.   The Prothonotary shall properly serve notice of this Order of Court upon counsel of record for the parties and upon any unrepresented party at their last known address as contained in the Court's file.

BY THE COURT:

_____
John W. Hodge
Judge

FILED/ORIGINAL

2014 SEP 10   A 8: 58

HELEN I. MORGA
PRO AND CLERK

53RD
JUDICIAL
DISTRICT

WRENCE COUNTY
PENNSYLVANIA