J-A22006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: CHANGE OF NAME OF J.C.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: B.A. | No. 525 EDA 2018 |

Appeal from the Order January 16, 2018
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2017-05546

BEFORE: BENDER, P.J.E., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 3, 2018**

B.A. (Father) appeals from the January 16, 2018 order that granted the petition filed by V.N. (Mother) for change of name of the parties' son, J.C.A., (Child) (born in May of 2015) from Father's surname to Mother's surname. We affirm.

The trial court set forth the following factual circumstances of this matter, stating:

> Appellant [Father] is the acknowledged father of [C]hild who is now almost three (3) years old but [Father] separated himself from [Mother] and [C]hild within eight (8) days of birth, and has never resided with [Mother] and [C]hild as a nuclear family since that time. [C]hild's surname was noted on the birth certificate as that of [Father]. At the time of [C]hild's birth, [Mother] believed that the parties would get married and live as a nuclear family. After [Father's] departure at various times, [Mother,] accepting as a fact that [Father], [Mother] and [C]hild would not be living as a nuclear family, requested [Father's] permission to change [C]hild's surname to [Mother's] last name in that [C]hild lived primarily with [Mother]. Upon [Father's] refusal, [Mother] requested that they agree upon [C]hild having a hyphenated last

---

[*] Former Justice specially assigned to the Superior Court.

name of both [Father] and [Mother]. Again, [Father] refused stating that he wanted [C]hild to bear the same name as [Father's] other son.

Upon our inquiry to [Father] as to whether it would be in the best interest of [C]hild to bear a common name with his other son, with whom he did not live, rather than a common name with [C]hild's [M]other with whom [C]hild was in fact living on a primary basis, [Father] remained insistent. [Father] does not dispute that at the time [Mother] filed the [p]etition for the change of name[,] [Father] did not have custody of his other son. We concluded that the best interest of [C]hild would be served by [C]hild sharing a common surname with his [M]other.

Trial Court Opinion, 4/6/18, at 2-3 (citation to notes of testimony omitted).[1]

After the grant of Mother's petition to change Child's name, Father appealed to this Court, raising the following issues for our review.

1. Did the trial court commit an abuse of discretion or error of law when it granted the [p]etition of Mother … to change the name of the minor child over the objection of Father … when evidence was insufficient to support the decision?

2. Did the trial court commit an abuse of discretion or error of law when it failed to hear and to consider evidence regarding the best interest of the child in regard to the name change?

Father's brief at 4.

In addressing Father's issues, we are guided by the following:

The appellate standard of review involving a petition for change of name, regardless of the age of the petitioner, is whether or not there was an abuse of discretion. ***In re Change of Name of Zachary Thomas Andrew Grimes to Zachary Thomas Andrew Grimes-Palaia***, 530 Pa. 388, 390, n.1, 609 A.2d 158, 159, n.1 (1992). When considering a petition to change the name of a minor child, the best interest of the child should be the

---

[1] Both parties attended the hearing before the trial court without counsel, but both are represented in this appeal.

standard by which a trial court exercises its discretion. *Id.* This Court has further held:

> the party petitioning for the minor child's change of name has the burden of coming forward with evidence that the name change requested would be in the child's best interest, and that where a petition to change a child's name is contested, the court must carefully evaluate all of the relevant factual circumstances to determine if the petitioning parent has established that the change is in the child's best interest.

*In re C.R.C.*, 819 A.2d 558, 560 (Pa. Super. 2003).

*In re E.M.L.*, 19 A.3d 1068, 1069 (Pa. Super. 2011). Moreover, when the Supreme Court adopted the "best interests" standard of review in appeals from a petition granting a name change of a minor, it stated:

> Specific guidelines [for a child's best interests] are difficult to establish, for the circumstances in each case will be unique, as each child has individual physical, intellectual, moral, social and spiritual needs. However, general considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.

*Id.* at 1071 (quoting *In re Grimes*, 609 A.2d 158, 161 (Pa. 1992)).

Father's argument centers on his contention that Mother's evidence was insufficient to support the trial court's determination.[2] Specifically, Father

---

[2] We note that although Father lists two issues in his brief, his argument section contains only one part. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively

asserts that the court's decision was mainly based on Mother's testimony that the parties had never married, that since birth Child had primarily lived with Mother, that Child had not yet begun attending school, and that Child could not read or write. Father also contends that the trial court gave little weight to his testimony and "mistakenly found [Mother's] testimony to be credible and accepted her testimony that [C]hild does not know enough at this point in his development to recognize either [name] as being meaningful as a last name." Father's brief at 12. Father also points out that he has partial custody of Child and "has been paying support for the minor child since [Mother] filed in July of 2015." *Id.* at 13. Father also claims that Mother failed to explain how the name change would strengthen the bond between Mother and Child and how it would be in Child's best interest. Rather, Father asserts that Mother's motive stems from her hostility toward Father and her desire to keep Father out of Child's life. *Id.* at 14. Moreover, Father takes issue with the trial court's conclusion that it would be in Child's best interest to have "the name of the person he is living primarily with." *Id.* at 15. Essentially, Father contends that the trial court "impos[ed] its own views upon the litigants as opposed to consider[ing] 'good sense, common decency and fairness to all

---

displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Because we are able to address Father's issues, we overlook his noncompliance with the rule.

concerned and the public.'" ***Id.*** at 16 (citing ***Petition of Falcucci***, 50 A.2d 200, 202 (Pa. 1947)).

In response, Mother counters by asserting the reasons that she believes Child should have her last name, which coincides with the reasons given by the court for the basis for its decision. Namely, Mother contends that Child lives with her and her extended family, and that because he has not yet started school "[t]his is the time for his name to be established, before he enters society and interacts with his peers." Mother's brief at 5. Mother further points out that having a name different than the family with whom he lives could "create confusion, emotional instability and possibly anxiety as [Child] struggles to explain to teachers and fellow students why his name [is] different from those with whom he lives." ***Id.*** at 6. Mother also questions why Child's best interests would be served to have the same name as a half-brother with whom he does not live rather than with the parent where he lives primarily. Additionally, Mother notes Father's argument that the trial court mistakenly found Mother's testimony to be credible. Obviously, Father misconstrues this Court's scope of review, which we have stated as follows:

> On appeal, our scope of review is broad in that we are not bound by deductions and inferences drawn by the trial court from the facts found, nor are we required to accept findings which are wholly without support in the record. On the other hand, our broad scope of review does not authorize us to nullify the fact-finding function of the trial court in order to substitute our judgment for that of the trial court. Rather, we are bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004) (quoting *Sawko v. Sawko*, 625 A.2d 692, 693 (Pa. Super. 1993) (citations omitted)).

Father has failed to provide a basis upon which we could overturn the trial court's order granting Mother's petition. Therefore, following our review of the record, we conclude that under the circumstances here, the trial court did not abuse its discretion in granting Mother's petition to change Child's name. The court's findings are supported by the evidence; no error of law was committed; and the court's conclusions are not unreasonable. Thus, we affirm the order granting Child's name change.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/18