J-S15003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P.  65.37**

| | | |
|---|---|---|
| IN RE: CHANGE OF NAME OF J.L.G., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  ANGEL DAVID GALARZA | : : : : : : : : : | No.  1716 MDA 2022 |

Appeal from the Decree Entered September 26, 2022
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-22-03851

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: JULY 25, 2023**

Angel David Galarza ("Father") appeals *pro se* from the decree granting the petition filed by J.S. ("Mother") to change the name of their minor daughter, J.L.G., born in 2017.  We affirm.

Mother and Father initially listed Father's surname on J.L.G.'s birth certificate.  The same year as the child's birth, Father absconded from police after being charged with felony drug offenses at three criminal dockets.  The resulting news reports outlined Father's criminal acts and referred to him as a fugitive.  Months later, Father was apprehended, convicted, and sentenced to an aggregate term of eight to twenty years of imprisonment.

In 2022, when J.L.G. was approximately five years old and eligible to register for primary school, Mother filed a petition to change the child's name from J.L.G. to J.L.S., requesting that the child share her surname.  During the

ensuing trial, Mother testified that her relationship with Father ended in 2018 and that the last contact between Father and J.L.G. occurred in that same year while Father was actively evading arrest. She stated that her daughter had used Mother's surname informally since Father's incarceration, recognized Mother's surname as her own, and, when questioned, would indicate that she shared Mother's surname. Mother added that J.L.G. wished to formally maintain that name for the purpose of her school registration to avoid confusion and the stigma associated with Father's criminal history. Mother also argued that, while incarceration did not qualify as a basis for the name change, Father's incarceration demonstrated that he has been absent for most of his daughter's life and therefore had no bond with the child.

Father, who appeared *pro se* from prison via video conference, contested Mother's assertion that he had not had contact with his daughter since 2018. In support of this contention, he testified that his most recent physical contact with J.L.G. occurred in 2019 and that he spoke with her on the telephone as recently as 2020. Father also claimed that his incarceration had no impact on the child's best interests. Significantly, however, Father did not request that the trial court interview J.L.G. or present her as a witness to determine her preference or her understanding of the name-change proceeding.

Following the hearing, the trial court concluded that the child's name should be changed due to her need for consistency and a lack of confusion.

The court was not moved by the fact of Father's incarceration or the disputed date of his last contact with J.L.G, two considerations that it believed were better suited for a custody determination. *See* N.T., 1/26/23, at 27. Instead, the court reasoned that the name change served the child's best interests because it provided her stability, consistency, and clarity. *Id*. It expressed its rationale in open court as follows:

> It seems to me that the nub of this matter is the fact that this child has gone by the name of [S.] in her lifetime and that it is the name she knows and the name that she shares with her custodial parent.
>
> . . . .
>
> To me, a child of this age needs to have consistency and lack of confusion in knowing her name and knowing [that the] name she has at school is the same name that she goes by at home. And those are the things that are in her best interest, that she have clarity of who she is, and she knows herself as [S.]. And I am satisfied and I believe that testimony that that is what she has gone by.
>
> Therefore, I find that it is in the best interest of the minor petitioner, [J.L.G.] to share the name of her biological mother, [J.S.].

*Id*. at 27-28. The court concluded by observing that Father's sentimental reasons for objecting to the name change did not outweigh his daughter's best interests and by finding that the name change would not result in fraud, confusion, or detriment to any third party. *Id*. at 28.

Father timely filed a notice of appeal. The trial court did not order Father to file a concise statement pursuant to Pa.R.A.P. 1925(b), but the court issued a brief Rule 1925(a) opinion outlining the foregoing statement of rationale.

- 3 -

Father raises the following issues for our consideration:

I.    Did trial court below abuse discretion by failing to interview minor child to determine (a) whether she understood what a surname is, (b) did she know or ever hear the surname on her birth certificate, (c) did she understand the difference between [M]other's surname and [F]ather's surname, (d) what surname did she recognize and answered to in kindergarten and whether she was confused, and (e) whose surname she wanted to use?

II.    Did the trial court below abuse discretion by failing to suggest retaining [F]ather's surname as a middle name or use a hyphenated combination?

Father's brief at v (cleaned up).[1]

We begin our consideration of Father's questions with a review of the applicable law.  "Our standard of review involving a petition for change of name, regardless of the age of the petitioner, is whether there was an abuse of discretion." *T.W. v. D.A.*, 127 A.3d 826, 827 (Pa.Super. 2015).  "An abuse of discretion exists if the trial court has overridden or misapplied the law, or if the evidence is insufficient to sustain the order." *Id*.

In Pennsylvania a name change requires the filing of "a [detailed] petition in the court of common pleas of the county in which the individual resides."  54 Pa.C.S. § 701(a.1)(1).  The petition must include a statement of the intention to change the petitioner's name, the reason for the name change, the current residence of petitioner, and any residence of the petitioner

---

[1]  To the extent that the argument section of Father's brief includes additional claims that were neither included in the statement of questions presented nor "fairly suggested thereby," they are waived and will not be considered herein. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

for the five years prior to the date of the petition. *Id*. at (a.1)(2)(i-v). As we detail *infra*, if the individual whose name will be changed is a minor, the court must also determine whether the change is in the child's best interests. *See In re Change of Name of Zachary Thomas Andrew Grimes to Zachary Thomas Grimes-Palaia*, 609 A2d 158, 161 (Pa. 1992) (hereafter "*Grimes*"). After the completion of a trial at which any persons with lawful objections are permitted to appear and be heard, and the petitioner provides documentation of residence and the absence of judgments or decrees of record against the petitioner, "[t]he court may enter a decree changing the name as petitioned if the court is satisfied after the hearing that there is no lawful objection to the granting of the petition." 54 Pa.C.S. § 701(a.1)(5).

In reference to the best-interests element of a minor's name change, our Supreme Court explained:

> General considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.

*Grimes*, *supra* at 161.

Invoking the foregoing best-interests considerations, Father first contends that the trial court abused its discretion by failing to interview then-five-year-old J.L.G. to ascertain her understanding and recognition of the potential name change. *See* Father's brief at 4. Mother, on the other hand, asserts that the *Grimes* Court's rationale does not compel a child interview

and, even if that case mandates such an interview, Father's contention is waived, *inter alia*, because Father neglected to object to the omission during trial. **See** Mother's brief at 12.

Pennsylvania Rule of Appellate Procedure 302(a) provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Thus, Mother is correct in asserting that, in failing to raise this issue at trial, Father waived this argument on appeal. If Father wished to question the intention and understanding of the minor child, he had the opportunity to call the child as a witness or ask the trial court judge to conduct an interview. He did neither. Hence, this issue is waived.[2]

Father next argues that the trial court abused its discretion in failing to suggest that J.L.G. retain Father's surname as either a middle name or as part of a hyphenated combination of the surnames of both parents. Father asserts that due to the finality of a name change order and the totality of the present circumstances, the court should have proffered an alternative resolution that

---

[2] Even if Father had preserved the issue or the trial court rejected Father's request to interview J.L.G., Father's argument merits no relief. Contrary to Father's assertion, the High Court in **In re Change of Name of Zachary Thomas Andrew Grimes to Zachary Thomas Grimes-Palaia**, 609 A2d 158, 161 (Pa. 1992), did not hold that a child interview was an essential component of a name-change case. Instead, it merely observed "an interview with the child **may** have been helpful." **Id**. at 162 (emphasis added). Critically, the **Grimes** Court concluded that no clear evidence was admitted in that case which indicated a name change was in the child's best interests. **Id.** Thus, it is apparent that a trial court is not obliged to interview a minor child where, as here, the court can determine the child's best interests based upon other evidence of record.

- 6 -

preserved some aspect of Father's surname. Mother contests that this argument is also waived under Pa.R.A.P. 302(a), and to the extent that Father argues that the Court should have presented an alternative solution *sua sponte*, Father failed to develop that argument in his brief with citation to any relevant authority. Again, we agree with Mother's assertion of waiver.

As we previously discussed, an appellant is not permitted to raise issues on appeal if they were not first raised in the lower court. **See** Pa.R.A.P. 302(a). Instantly, Father had ample opportunity to suggest an alternative name change or petition the court to do so. As he failed to raise this issue below, it is waived.

Moreover, Father failed to develop any argument in his brief. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). As Father's brief only refers to this issue in a single sentence with no reference to relevant authority, the issue is waived and cannot be raised on appeal.[3]

_____

[3] It is axiomatic that the trial court has no obligation to suggest alternative surname options where it finds that the name change serves the child's best interest. Father's apprehension regarding the finality of a name change is wholly misplaced. Pursuant to § 703 of the name change statute, "[a]ny minor child whose surname has been changed pursuant to subsection (a) upon attaining majority shall also be entitled to the benefits of section 702 (relating to change by order of court)." 54 Pa.C.S. § 703(b). Given this provision, it is clear that should J.L.G. attain majority and wish to use Father's surname, she will be afforded the ability to petition the court to retake her former name.

For the foregoing reasons, we conclude that Father has raised no issue meriting relief on appeal. Accordingly, we affirm the trial court decree that grants the petition to change the minor's name to J.L.S.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/25/2023