J-A14002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE:  A.S.D. A/K/A A.S.D.

APPEAL OF:  A.S.D. A/K/A A.S.D.

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 3719 EDA 2016

Appeal from the Order Entered October 23, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 2550 August, 2016

BEFORE:  BENDER, P.J.E., BOWES, J., and SHOGAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 24, 2017**

A.S.D. a/k/a A.S.D. appeals from the trial court's order, dated October 17, 2016, that denied her petition to change her name.  We vacate and remand for further proceedings.[1]

A.S.D. is a transgender person, who has lived as a female for more than six years.  In her petition, she avers, in pertinent part, that:

5.  There are no outstanding judgments against Petitioner.

6.  On August 25, 2009, Petitioner was convicted of a third degree felony, Access Device Issued to Another Who Did Not Authorize Use.  Pursuant to 54 [Pa.C.S.] § 702(c)(1), more than two years have elapsed from the completion of Petitioner's

---

[1] In its Pa.R.A.P. 1925(a) opinion, the trial court indicated that A.S.D.'s notice of appeal was untimely filed.  We disagree, noting that Pa.R.A.P. 108(2)(b) provides that "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."  A review of the lower court's docket in this matter shows that notice of the entry of the trial court's order was sent on October 23, 2016, and that the appeal was filed on November 22, 2016.  Therefore, we conclude that A.S.D.'s appeal was timely.

sentence, and she is not subject to probation or parole jurisdiction. Petitioner submits her fingerprints to be forwarded to the Pennsylvania State Police in compliance with 54 [Pa.C.S.] § 702(b)(1). …

7. Petitioner requests that her name be changed from [A.S.D.] to [A.S.D.] for the following reasons:

> a. Petitioner has been using the name [A.S.D.] informally since 2009 and now wishes to legally change names,
>
> b. Petitioner's appearance now is consistent with that of a female and Petitioner has been living as a female,
>
> c. Continuing to present official identification with a male name creates confusing and difficult situations for Petitioner on a regular basis since Petitioner's appearance is now female and Petitioner has informally used a female name,
>
> d. Petitioner believes this name change will lessen social stigma against Petitioner and that it will protect Petitioner from potential harassment and even violence.

A.S.D.'s Petition for Change of Name, 8/19/16, at 1-2 (unnumbered).

In her petition, A.S.D. also requested a waiver of publication and a sealing of the record. The court scheduled a hearing on the waiver issue; however, it appears that no hearing was held and no ruling was ever forthcoming on the waiver/sealing of the record request. Moreover, no objections to A.S.D.'s petition were filed and, most importantly, no hearing was held in regard to the petition itself. Subsequently, the court's order denying A.S.D.'s petition was issued. Although the court recognized that A.S.D. had satisfied the requirements of 54 Pa.C.S. § 702(c)(1), it indicated

that the denial was due to the serious circumstances of A.S.D.'s criminal record. *See* Trial Court Opinion, 1/27/17, at 3. The order also provided that A.S.D. could refile for a name change in twelve months.

As noted previously in footnote 1, A.S.D. filed this timely appeal,[2] and now raises the following issues for our review:

> 1. Did the trial court abuse its discretion by denying [A.S.D.'s] petition for change of name without sufficient evidence, where the evidence in the record shows that [A.S.D.] met all of the statutory requirements for a change of name and that [A.S.D.], a transgender woman, was seeking to change her name to one consistent with her female identity and appearance rather than to avoid financial obligations or for any other improper purpose?
>
> 2. Did the trial court abuse its discretion by denying [A.S.D.'s] petition and by mandating an additional twelve-month waiting period upon [A.S.D.] not required by statute, where [A.S.D.] had satisfied all statutory requirements and, further, was not restricted by statute from changing her name because she filed her petition more than two years after the completion of her criminal sentence, as provided for in 54 Pa.C.S. § 702(c)(1)(i)?
>
> 3. Did the trial court abuse its discretion by failing to exercise that discretion in a manner comporting with good sense, common decency and fairness to all concerned by denying [A.S.D.'s] petition for a change of name when granting it would enable her to obtain legal identification documents consistent with her appearance and long-held identity, thereby reducing social stigma and risks to her safety of harassment, threats of violence, and discrimination?

A.S.D.'s brief at 3-4.

To begin, we set forth the standards that guide our review of this case.

---

[2] No Pa.R.A.P. 1925(b) statement of errors complained of on appeal was requested by the trial court, nor was such a statement filed by A.S.D.

Our Supreme Court has instructed that the established standard of review for cases involving petitions for change of name is whether or not there was an abuse of discretion. ***In Re Zachary Thomas Andrew Grimes***, 530 Pa. 388, 390 n.1, 609 A.2d 158, 159 n.1 (1992) (citing ***Petition of Falcucci***, 355 Pa. [588,] 591, 50 A.2d [200,] 202 [(1947)]). That Court has also provided us with an understanding of what constitutes an abuse of discretion, as follows:

> An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. A finding by an appellate court that it would have reached a different result than the trial court does not constitute a finding of an abuse of discretion. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.

***Harman v. Borah***, 562 Pa. 455, 469, 756 A.2d 1116, 1123 (2000) (citing ***Coker v. S.M. Flickinger Co., Inc***. 533 Pa. 441, 447, 625 A.2d 1181, 1184-85 (1993) and ***Morrison v. Commonwealth, Dept. of Public Welfare***, 538 Pa. 122, 133, 646 A.2d 565, 571 (1994)). On matters involving petitions for a change of name, the Supreme Court has often cited the guiding principle first enunciated in ***Falcucci***, where it declared:

> Whenever a court has discretion in any matter (as it has in the matter of a change of name) it will exercise that discretion in such a way as to comport with good sense, common decency, and fairness to all concerned and to the public.

***Petition of Falcucci***, 355 Pa. at 592, 50 A.2d at 202, (cited and restated in ***In the Matter of Robert Henry McIntyre (In Re McIntyre)***, 552 Pa. 324, 328, 715 A.2d 400, 402 (1998); ***Grimes***, 530 Pa. at 392, 609 A.2d at 160).

***In re Miller***, 824 A.2d 1207, 1210 (Pa. Super. 2003). Additionally, "our scope of review is limited to the question of whether the evidence is sufficient to support the decision reached by the hearing court." ***Id.***

- 4 -

As noted above, the trial court denied A.S.D.'s petition under section 702(c) "Convicted felons," which provides:

> (1) The court may order a change of name for a person convicted of a felony, subject to provisions of paragraph (2), if:
>
> > (i) at least two calendar years have elapsed from the date of completion of a person's sentence and that person is not subject to the probation or parole jurisdiction of any court, county probation agency or the Pennsylvania Board of Probation and Parole; or
> >
> > (ii) the person has been pardoned.
>
> (2) The court may not order a change of name for a person convicted of murder, voluntary manslaughter, rape, criminal conspiracy or criminal solicitation to commit any of the offenses listed above or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

54 Pa.C.S. § 702(c)(1)-(2).

Our review of the record in this case reveals that A.S.D.'s petition asserts that she has complied with the requirements listed in section 702(c), and the trial court acknowledges this fact. However, since no hearing was held we are compelled to vacate the order appealed from pursuant to the dictates of *In re Harris*, 707 A.2d 225 (Pa. Super. 1997). The *Harris* Court, as in the instant case, was considering the trial court's denial of a name change petition filed by a transgender person. Specially, this Court's opinion directed that:

> Preliminarily, we note that our Supreme Court long ago articulated the general standard to be applied to petitions requesting name changes. **After determining that the petitioner has complied with the necessary statutory**

- 5 -

> **prerequisites, the court must hold a hearing after which the court may, at its discretion, grant or deny the petition**. In making its determination, the court must act in such a way as to "comport with good sense, common decency and fairness to all concerned and to the public." ***Petition of Falcucci***, 355 Pa. [at] 592, 50 A.2d [at] 202 [].

***Id.*** at 227 (emphasis added).

Because no hearing was held, we must vacate the order denying A.S.D.'s petition and remand the matter for proceedings as directed by the ***Harris*** case.[3]

Order vacated. Case remanded for proceeding consistent with this memorandum. Jurisdiction relinquished.

Judge Shogan joins this memorandum.

Judge Bowes files a concurring memorandum in which President Judge Emeritus Bender and Judge Shogan join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2017

---

[3] We also note that by the time this decision is handed down, almost one year has elapsed since the original denial was issued.

- 6 -