J-S75034-19

2020 PA Super 40

| | | |
|---|---|---|
| IN RE: THE NAME CHANGE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| PETITION OF: SAM LEROY WOOD | : | |
| A/K/A SANTO LEROY FARELLA | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1072 WDA 2019 |

Appeal from the Order Entered July 3, 2019
In the Court of Common Pleas of Erie County Civil Division at No(s):  No.
10938-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.:                    FILED FEBRUARY 18, 2020

Sam Leroy Wood (Wood) appeals from the order of the Court of Common Pleas of Erie County (trial court) denying his petition for change of name.  We affirm.

I.

According to him, Wood has been known as Santo Leroy Farella all his life.  All of his identification forms—social security card, driver's license, health insurance cards, even his fishing license—identify him as Santo Farella.  In 2018, however, in order to renew his commercial driver's license under new regulations, Wood needed to obtain a copy of his birth certificate, which he had long thought lost.  When he finally obtained a copy from New York, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

state where he was born, he learned that his name at birth was actually Sam Leroy Wood and not Santo Leroy Farella.

Unable to correct his birth certificate without first changing his name, Wood filed a pro se petition for change of name in his county of residence, Erie County.[1]  Notwithstanding that Wood claimed in his petition he had no knowledge of any judgments or liens ever being entered against him, the official search required by 54 Pa.C.S. § 701(a.1)(4)(ii)(B) revealed a 2002 default judgment for $114,000 entered in Erie County against "Sam Farella d/b/a Farella and Sons Builders."  Wood admitted that was his former business but claimed he was unaware of the judgment.  Rather than dismiss the petition, the trial court continued the matter to give Wood time to satisfy the judgment and possibly obtain counsel.

Before the second hearing, Wood obtained counsel who filed a memorandum arguing that the Judicial Change of Name Statute, 54 Pa.C.S. §§ 701-705, requires only that no judgments be entered against a petitioner in the five years prior to filing the petition.  This was based on his interpretation of 54 Pa.C.S. § 701(a.1)(4)(ii)(B), which states that a petitioner must present the following at the hearing for a petition for change of name:

> An official search of the proper offices of the county where petitioner resides and of any other county where petitioner has

---

[1] Under 54 Pa.C.S. § 701(a.1)(1), "[a]n individual must file a petition in the court of common pleas of the county in which the individual resides."  Although born in New York, Wood has lived in Erie County most of his life.

resided within five years prior to filing the petition showing that there are no judgments, decrees of record or other similar matters against the petitioner. This clause may be satisfied by a certificate given by a corporation authorized by law to make the search under this clause.

54 Pa.C.S. § 701(a.1)(4)(ii)(B) (emphasis added). Wood also would not concede that he was the defendant in the 2002 default judgment, noting that the judgment was entered against "Sam Farella" rather than "Santo Farella."

At the second hearing, Wood argued that under his reading of Section 701(a.1)(4)(ii)(B), the 2002 judgment was too old and should not prevent him from changing his name. Wood also again refuted that he was the defendant in the 2002 judgment, emphasizing that it was entered against neither "Sam Wood" nor "Santo Farella." When the trial court pointed out that Wood admitted that Farella and Sons Builders was his former business, Wood reverted to his first argument that it did not matter because the judgment was entered more than five years before he filed the petition.

Rejecting Wood's view that there be no judgments against the petitioner, the trial court entered an order denying the petition, stating it was doing so based on the outstanding 2002 default judgment against "Sam Farella d/b/a Farella and Sons Builders," which, the trial court noted, Wood admitted was his former business. Wood then filed this appeal.[2]

_____

[2] Our standard of review when reviewing a petition for change of name is an abuse of discretion. See In re A.S.D., 175 A.3d 339, 341 (Pa. Super. 2017) (citation omitted). "An abuse of discretion exists if the trial court has

- 3 -

II.

A.

On appeal, Wood again contends that the trial court erred in denying his petition because Section 701(a.1)(4)(ii)(B) requires only that there be no judgments against the petitioner within five years of filing the petition, not that they there be no judgments. While he does not engage in any real statutory analysis of Section 701(a.1)(4)(ii)(B), Wood points out that Section 701(a.1) requires that a petition for change of name list "[a]ny residence of the petitioner for the five years prior to the date of the petition." 54 Pa.C.S. § 701(a.1)(2)(iv). He argues that this supports his contention that "the [L]egislature was concerned about judgments entered in the five years preceding the filing of Petition." Wood's Brief at 18. Otherwise, he argues, if the Legislature intended for judgments beyond five years to prevent a petitioner from changing his name, then there would be no need to limit the petitioner's search to only those counties in which he has resided in the past five years. Id. at 18-19. He also argues that the trial court's interpretation leads to an absurd result by allowing persons with judgments older than five years to change their name so long as they have not resided in that county for five years. We disagree.

_____

overridden or misapplied the law, or if the evidence is insufficient to sustain the order." T.W. v. D.A., 127 A.3d 826, 827 (Pa. Super. 2015).

The trial court correctly interpreted this provision because its plain meaning is that the five-year lookback applied only to where the person seeking the name change lived, not when the judgment was entered.[3] The General Assembly placed "within" immediately after "where petitioner has resided" in defining what counties the petitioner must search for judgments, giving that provision the plain meaning that a judgment search be conducted where the person seeking a name change in those counties where that person has resided within the last five years. It goes on to state that if the "official search" shows that the phrase that there has been "no judgments ... against the petitioner," has no limits on how far back the search for judgments must go. Because the five-year lookback only applies to what counties the petitioner must search for judgments instead of also what judgments or liens disqualify a change of name, the trial court could take that the 2002 default judgment revealed by the official search into consideration in deciding whether to grant or deny Wood's petition for change of name.

_____

[3] The overriding object of all statutory interpretation "is to ascertain and effectuate the intention of the General Assembly" in enacting the statute at issue. 1 Pa.C.S. § 1921(a). Accordingly, we interpret a statute so as to give effect to all of its provisions, "if possible." Id. If statutory language is "clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Hence, when the words of a statute have a plain and unambiguous meaning, it is this meaning which is the paramount indicator of legislative intent. Further, "it is axiomatic that in determining legislative intent, all sections of a statute must be read together and in conjunction with each other, and construed with reference to the entire statute." E.D.B. v. Clair, 987 A.2d 681, 684 (Pa. 2009) (citation omitted).

B.

Wood next contends that the trial court abused its discretion in denying the petition. When reviewing a trial court's denial of a petition for change of name, we are mindful of the following principles:

> The focus of the statute and the procedures thereunder, indicate a liberal policy regarding change of name requests. The necessity for judicial involvement centers on governmental concerns that persons not alter their identity to avoid financial obligations. Beyond requiring compliance with the notice provisions, the statute provides no additional guidance for courts considering petitions for change of name. Absent any legislative criteria, courts reviewing petitions for change of name exercise their discretion "in such a way as to comport with good sense, common decency and fairness to all concerned and to the public." Petition of Falcucci, 355 Pa. 588, 592, 50 A.2d 200, 202 (1947).

In re Grimes, 609 A.2d 158, 160 (Pa. 1992).

Wood argues that there was no evidence that he was seeking to change his name to defraud creditors or avoid any financial obligations. Instead, he merely sought to change his name to that which he has been called all his life for the purpose of being able to correct his birth certificate and ultimately renew his commercial driver's license. He emphasizes that no one appeared at his hearings to object to his change of name, including, importantly, anyone associated with the 2002 default judgment.

We agree that it appears that Wood is not attempting to change his name for fraudulent purposes, given that this case involves a unique situation involving a petitioner who seeks to change their name to the name that no one disputes he has been called all his life. Indeed, as he presented to the

trial court, every form of identification he has identifies him as Santo L. Farella, and we note that he is changing his legal name to one that is similar to the one against whom judgment was entered.

However, 54 Pa.C.S. § 701(a.1)(4)(ii)(B) requires petitioners to show that they have no outstanding judgments entered against them. Wood contends that he is not the defendant in the 2002 default judgment, arguing that his name has never been "Sam Farella" or "Sam Farella d/b/a Farella and Sons Builders." Wood's Brief at 21. However, Wood admitted that Farella and Sons Builders was his former business. In addition, Wood admitted that while growing up, "he was called 'Sam' for short by his family and friends." Memorandum of Law, 6/28/19, at 2. Wood's counsel also admitted the same at the second hearing, stating that "[Wood] always believed his legal name was Santo Farella, and was always known by that, though he was called Sam for short." N.T., 7/1/19, at 3. Based on this evidence and admissions, the trial court had sufficient evidence to conclude that Wood was the defendant in the 2002 matter that resulted in a $114,000 default judgment.

Accordingly, because of the 2002 default judgment that remains outstanding and 54 Pa.C.S. § 701(a.1)(4)(ii)(B) requires petitioners to show

that they have no outstanding judgments, the trial court did not abuse its discretion in denying the change of name petition.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2020

_____

[4] We note that Wood reasserts a contention that he raised in the trial court, namely, that the 2002 default judgment was improperly entered because the docket in that case does not indicate that service was made within 30 days of filing of the complaint. Wood's Brief at 21 n.3. We echo the trial court's advice to Wood at the hearing that he would need to open or strike that judgment in accordance with the Rules of Civil Procedure rather than through his petition for change of name. Accordingly, we affirm without prejudice to Wood being able to refile a new petition for change of name should he take appropriate action in clearing the outstanding judgment.